FILED

Keith R. Mitnik #436127
Clay Townsend #363375
Morgan, Colling & Gilbert, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32802

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

FRED "CURLY" NEAL, LARRY "GATOR" RIVERS, DALLAS "BIG D" THORNTON, ROBERT "SHOWBOAT" HALL, MARQUES HAYNES and JAMES "TWIGGY" SANDERS,

        Plaintiffs,

vs.

HARLEM GLOBETROTTERS INTERNATIONAL, INC., an Arizona corporation; HARLEM GLOBETROTTERS INTERNATIONAL FOUNDATION, INC., an Arizona corporation; MANNIE L. JACKSON and JANE DOE JACKSON, husband and wife; FUBU THE COLLECTION, L.L.C., a New York limited liability company, GFTM OF ORLANDO, L.L.C. d/b/a FUBU COMPANY STORE, a Florida corporation; JOHN AND JANE DOE I-X; BLACK AND WHITE COMPANIES I-X; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,

        Defendants.

No. 6:04-CV-193-ORL-31JGG

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

---

For its cause of action against the Defendants, Plaintiffs allege as follows:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.    Plaintiff Fred "Curly" Neal, (hereinafter collectively with other party plaintiffs called "Plaintiffs") is an individual and resident of Orlando, Florida.

2. Plaintiff Dallas "Big D" Thornton, (hereinafter collectively with other party plaintiffs called "Plaintiffs") is an individual and resident of Louisville, Kentucky.

3. Plaintiff Robert "Showboat" Hall, (hereinafter collectively with other party plaintiffs called "Plaintiffs") is an individual and resident of Detroit, Michigan.

4. Plaintiff Marques Haynes, (hereinafter collectively with other party plaintiffs called "Plaintiffs") is an individual and resident of Plano, Texas.

5. Plaintiff James "Twiggy" Sanders (hereinafter collectively with other party plaintiffs called "Plaintiffs") is an individual and resident of Raleigh, North Carolina.

6. Plaintiff Larry "Gator" Rivers (hereinafter collectively with other party plaintiffs called "Plaintiffs") is an individual and resident of St. Joseph, Missouri.

7. Defendant Harlem Globetrotters International, Inc. (hereinafter collectively with other party Defendants called "Defendants" or individually "Globetrotters") is an Arizona corporation, incorporated on September 11, 1998, which is duly incorporated under the laws of Arizona with its principal place of business located in Maricopa County, Arizona, and is a foreign profit corporation doing business in Florida.

8. Defendant Harlem Globetrotters Foundation International, Inc. (hereinafter collectively with other party Defendants called "Defendants" or individually "Globetrotters Foundation") is an Arizona corporation incorporated November 21, 2000, which is duly incorporated under the laws of Arizona with its principal place of business located in Maricopa County, Arizona, and doing business in Florida.

9. Defendant Mannie L. Jackson (hereinafter collectively with other party Defendants called "Defendants" or individually "Jackson") is an individual and resident of Maricopa County, Arizona, and doing business in Florida.

10. Defendant Jane Doe Jackson may have liability with respect to the allegations contained in this Complaint. At such time as her liability, identities and complete names may become known, Plaintiffs will seek leave of Court to substitute her true name.

11. Upon information and belief, Defendant Fubu the Collection, L.L.C., is a New York limited liability company; FUBU Company Store is a New York company; GFTM of Orlando, L.L.C. is a New York company (hereinafter collectively with other party Defendants called "Defendants" or individually "Fubu") registered and doing business in the State of Florida.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as Does I through X, Black and White Companies I through X, ABC Corporations I through X, and XYZ Partnerships I through X, inclusive, are presently unknown to Plaintiffs, who therefore sue these Defendants by these fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants, together with such other allegations as are appropriate, when Plaintiffs have ascertained this information.

13. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), § 540.08, Florida Statutes and the common law of the State of Florida. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, 15 U.S.C. § 1121, and the law of supplemental jurisdiction.

14. The venue of this action is properly laid in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c), 1392(a) and 1400(a).

15. The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## GENERAL ALLEGATIONS

16. Plaintiffs, at one time, beginning in and about the 1970's, were employed in all or some of the following capacities: playing basketball, coaching and performing public relations for

various and different companies owning the "Harlem Globetrotters", and are well known for their work in basketball, film, television, advertising, print media and charitable causes.

17. Plaintiffs were, and are, some of the most recognizable members of the various Globetrotters organizations, are prominent figures in the sports world generally and known to sports pundits.

18. Plaintiffs are no longer employed by the Globetrotters organization, but nevertheless maintain their status in the sports world.

19. Plaintiffs have not agreed to allow Defendants, Globetrotters, the Globetrotters Foundation, Jackson or Fubu to license or to use their identities, attributes of identity, names, images, or likenesses on merchandise or goods or products of Fubu of any other person, party or entity.

20. Upon information and belief, Defendants, including the Globetrotters, Globetrotters Foundation and Jackson entered into an agreement with Fubu and others to license, develop, create, produce, manufacture, market, promote, sell, distribute and exploit apparel, products, goods and other merchandise.

21. Upon information and belief, the use and exploitation of apparel or any other goods, products, merchandise, and the related promotion, public relations and marketing campaigns utilizing Plaintiffs' names, images, likenesses, and notoriety (including Plaintiffs' jersey numbers), were, and are, willful, reckless, outrageous and without Plaintiffs' consent.

22. Upon information and belief, Defendants have licensed and/or utilized persons and companies in foreign countries (i.e., India, Korea, Pakistan and United Arab Emirates) for the manufacture of apparel, products, goods and merchandise which causes Plaintiffs embarrassment, mental anguish, casts Plaintiffs in a false light and is detrimental to their names, goodwill and notoriety.

23. Upon information and belief, Defendants have exploited Plaintiffs' names, images, likenesses, goodwill and notoriety to generate revenues for alleged charities, namely

Globetrotters Foundation without permission and without informing Plaintiffs of the purposes or beneficiaries of the Globetrotters Foundation.

24. Further, upon information and belief, Defendants have continued to, and in the future will, use Plaintiffs' names, images, jersey numbers, likenesses, goodwill and notoriety for their own commercial benefit in the conduct of their businesses without Plaintiffs' consent or authority.

25. Plaintiffs' have not received a full, accurate or appropriate accounting or payment for the unauthorized licensing or use of their names, images, likenesses, goodwill and notoriety from the Defendants.

26. The misuse of Plaintiffs' names, images, likenesses, goodwill and notoriety has and continues to cause Plaintiffs to suffer mental anguish resulting therefrom.

27. The misuse of Plaintiffs' names, images, likenesses, goodwill and notoriety casts Plaintiffs in a false light.

28. The use by Defendants of Plaintiffs names, likenesses, notoriety and goodwill is not symbolic or metaphoric, nor does it contain substantive informational or creative content but is for trade, advertising, to engender sales and for commercial exploitation for consideration.

29. Defendants are international operations and create a vast amount of income annually, including income from business conducted in the State of Florida.

30. Plaintiffs first learned about Defendants' action in or about the end of 2003. On October 3, 2003 and again on November 23, 2003 Plaintiffs' counsel sent letters to Harlem Globetrotters requesting documentation of any purported authorization for their actions. On October 21, 2003 and December 18, 2003 Harlem Globetrotters responded but refused to comply.

## COUNT I

### FEDERAL UNFAIR COMPETITION/ FALSE DESIGNATION OF ORGIN AND MISAPPROPRIATION
### (ALL DEFENDANTS)

31. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 30 of their Complaint as fully set forth herein.

32. This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a).

33. In or about 2000, Defendants entered into an agreement and commenced the manufacture, promotion, use and distribution of apparel and, upon information and belief, other goods and merchandise bearing, and in connection with, Plaintiffs' names, jersey numbers, images and likenesses, which products have been marketed, offered for sale and sold in interstate commerce in the United States.

34. As a result of such unauthorized activities, both the trade and the public at large have come to identify Defendants' products, goods and merchandise with Plaintiffs. Plaintiffs have not approved or authorized the Defendants' activities, and any documents or authorizations that Defendants allege give such approval are alternatively void, obtained by fraud, obtained under duress, terminated, irrelevant, against public policy, and/or are exceeded by Defendants' actions.

35. Without the authority or approval of Plaintiffs, Defendants have embarked upon an unlawful course of conduct intended to mislead and deceive the public and to deprive Plaintiffs of the rights and benefits of their names, images, likenesses, goodwill and notoriety and accrue the same to themselves. In addition to the unauthorized acts complained of elsewhere herein, Defendants have among other things, used Plaintiffs' names, images, likenesses, goodwill

and notoriety so as to cause the public to erroneously believe, or to falsely imply, that their products, goods and merchandise are associated with or sponsored and endorsed by Plaintiffs, when in fact they are not.

36. Defendants, by misappropriating and unlawfully using Plaintiffs' names, images, likenesses, goodwill and notoriety have confused and are likely to confuse the public, and such conduct constitutes unfair competition, a false designation of origin, a false description or representation, is calculated and intended to deceive and is likely to deceive the general public and individual consumers into believing that Defendants products, goods and merchandise originate from or have the approval, endorsement or authorization of Plaintiffs or some other person or entity which has the right to reproduce, copy or utilize Plaintiffs' names, images and likenesses, when in fact they do not.

37. Upon information and belief, Defendants have undertaken a concerted scheme, plan and course of conduct, alone or with others as yet unascertained, to trade upon Plaintiffs' reputations and goodwill by means of misappropriating and infringing Plaintiffs' names, images and likenesses. Plaintiffs are informed and verily believe, and on that basis allege, that Defendants have committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with the express intent to injure Plaintiffs for the benefits of Defendants.

38. Defendants' false and unlawful representations have resulted in actual confusion among the general public, individuals and businesses as to the source, endorsement, sponsorship or affiliation of such products, goods and merchandise and such acts have and will continue to create a likelihood of confusion by the general public and individual consumer as to both the source and sponsorship of the Defendants and their products, goods and merchandise.

39. Defendants' acts as alleged herein are calculated and intended to deceive and are likely to deceive the general public and individual consumers into believing that they are purchasing genuine products authorized and endorsed by the Plaintiffs, when in fact they are not. Defendants' products, goods and merchandise do not originate from or have the approval or authorization of Plaintiffs.

40. Plaintiffs are informed and verily believe, and on that basis allege, that the continued promotion, marketing, sale and use of Defendants' products, goods and merchandise and other unauthorized, misleading use of the Plaintiffs' names, images, likenesses, goodwill and notoriety has and will continue to damage and dilute the goodwill and reputation of Plaintiffs.

41. Unless Defendants are permanently enjoined from such activities, the public and the trade will come to associate the Plaintiffs' names only with Defendants. It is impossible to quantify the immense damage this has done and will continue to do to Plaintiffs' reputation.

### COUNT II
COMMON LAW INVASION OF THE RIGHT OF PUBLICITY
AND VIOLATION OF § 540.08 FLORIDA STATUTE
(ALL DEFENDANTS)

42. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 41 as fully set forth herein.

43. Plaintiffs have the right to ownership of their public personalities and to control the commercial use of their identities, personalities, names, likenesses, goodwill and notoriety.

44. The Defendants used Plaintiffs' identities, attributes of identity, names, images and likenesses to their commercial advantage, without Plaintiffs' consent or authority, and this use has resulted, and will continue to result, in Plaintiffs being injured.

45. As a direct and proximate result of Defendants' conduct set forth herein, Plaintiffs have sustained and will continue to sustain damages.

### COUNT III

UNJUST ENRICHMENT
(ALL DEFENDANTS)

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 as fully set forth herein.

47. Defendants have been unjustly enriched and have benefited at the expense of Plaintiffs and, therefore, Plaintiffs are entitled, in quantum meruit, to the amount by which Defendant has been unjustly enriched.

### COUNT IV

FALSE LIGHT INVASION OF PRIVACY
(ALL DEFENDANTS)

48. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 as fully set forth herein.

49. Plaintiffs have a right to protect the use of their personalities, names, images and likenesses which have been utilized by Defendants for their own advantage without authority of Plaintiffs.

50. Defendants' actions have resulted in publicity, which places Plaintiffs in a false light in the public eye and an appropriation of personality without consent.

51. As a direct and proximate result of Defendants' conduct set forth herein, Plaintiffs have sustained damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, as follows:

A. Permanently enjoining and restraining Defendants, their respective officers, agents, servants, employees and attorneys, and predecessors and successors, by whatever name, and all those in active concert or participation with them from manufacturing, distributing, advertising, promoting, holding out for sale and/or selling any products or services bearing or in connection with Plaintiffs' names or likenesses, or otherwise using same without compensation and an accounting provided to Plaintiff.

B. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or services manufactured, distributed, offered for sale, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiffs.

C. Directing that an accounting of and judgment be rendered against each Defendant for:

(1) All royalties, revenues and profits received by any of the Defendants and all damages sustained by Plaintiffs on account of Defendants' unfair competition; and furthermore, that such profits and damages as found herein be trebled, as provided by 15 U.S.C. §1117;

(2) All royalties, revenues and profits received by any of the Defendants and all damages sustained by Plaintiffs on account of Defendants' tortious interference with Plaintiffs' contractual and advantageous business relationships;

(3) Constructive trust.

D. Awarding Plaintiffs punitive damages of not less than $1,000,000.

1  E.  Awarding Plaintiffs their costs in this action, including reasonable attorneys' and investigative fees.

2  F.  Directing that the Court retains jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

3  G  Awarding to Plaintiffs such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this _12_ day of _February_ 2004.

By: _____
Keith R. Mitnik
Clay Townsend
Morgan, Colling & Gilbert, P.A.
20 N. Orange Avenue
16th Floor
Orlando, FL  32802
407-420-1414

## VERIFICATION

STATE OF FLORIDA )
COUNTY OF ORANGE )

Fred "Curly" Neal, being duly sworn, deposes and says:

Deponent is the Plaintiff in this action. Deponent has read the foregoing: COMPLAINT and knows the contents thereof; and the same is true to Deponent's own knowledge, except as to the matters herein stated to be alleged upon information and behalf, and as to matters Deponent believes it to be true.

_____
Fred "Curly" Neal

SWORN BEFORE ME by Fred "Curly" Neal this 29 day of January, 2004.

Notary Public _____

My Commission expires:

LYNNE PODJASKI
Notary Public, Henry County, Georgia
My Commission Expires April 15, 2006

## VERIFICATION

STATE OF FLORIDA )

COUNTY OF ORANGE )

Larry "Gator" Rivers, being duly sworn, deposes and says:

Deponent is the Plaintiff in this action. Deponent has read the foregoing: COMPLAINT and knows the contents thereof; and the same is true to Deponent's own knowledge, except as to the matters herein stated to be alleged upon information and behalf, and as to matters Deponent believes it to be true.

_____
Larry "Gator" Rivers

SWORN BEFORE ME by Larry "Gator" Rivers this 30 day of January, 2004.

Notary Public _____

My Commission expires: 5-11-05

## VERIFICATION

STATE OF FLORIDA )
COUNTY OF ORANGE )

Dallas "Big D" Thornton, being duly sworn, deposes and says:

Deponent is the Plaintiff in this action. Deponent has read the foregoing: COMPLAINT and knows the contents thereof; and the same is true to Deponent's own knowledge, except as to the matters herein stated to be alleged upon information and behalf, and as to matters Deponent believes it to be true.

_____
Dallas "Big D" Thornton

SWORN BEFORE ME by Dallas "Big D" Thornton this 28th day of January, 2004.

Notary Public _Patricia A. Taylor_

My Commission expires: July 18, 2004

-14-

## VERIFICATION

STATE OF FLORIDA    )
COUNTY OF ORANGE    )

James "Twiggy" Sanders, being duly sworn, deposes and says:

Deponent is the Plaintiff in this action. Deponent has read the foregoing: COMPLAINT and knows the contents thereof; and the same is true to Deponent's own knowledge, except as to the matters herein stated to be alleged upon information and behalf, and as to matters Deponent believes it to be true.

*[signature]*
James "Twiggy" Sanders

SWORN BEFORE ME by James "Twiggy" Sanders this 30th day of Jan., 2004.

Notary Public _Amy P. Davenport_

My Commission expires: April 16, 2005

_Wake_ County

I, Amy P. Davenport, a Notary Public for said County and State, do hereby certify that James "Twiggy" Sanders personally appeared before me this day and acknowledged the due execution of the foregoing instrument.
Witness my hand and official seal, this the 30th day of January, 20 04

(Official Seal)                _Amy P. Davenport_
                               Notary Public
My Commission Expires _April 16, 2005_

## VERIFICATION

STATE OF FLORIDA      )
COUNTY OF ORANGE  )

Marques Haynes, being duly sworn, deposes and says:

Deponent is the Plaintiff in this action. Deponent has read the foregoing: COMPLAINT and knows the contents thereof, and the same is true to Deponent's own knowledge, except as to the matters herein stated to be alleged upon information and behalf, and as to matters Deponent believes it to be true.

*Marques Haynes*
Marques Haynes

SWORN BEFORE ME by Marques Haynes this __4th__ day of _____, 2004.

Notary Public _____

My Commission expires:

REVA J. BARTLETT
Notary Public, State of Texas
My Comm. Exp. June 18, 2005

# VERIFICATION

STATE OF FLORIDA        )
COUNTY OF ORANGE     )

Robert "Showboat" Hall, being duly sworn, deposes and says:

Deponent is the Plaintiff in this action. Deponent has read the foregoing: COMPLAINT and knows the contents thereof; and the same is true to Deponent's own knowledge, except as to the matters herein stated to be alleged upon information and behalf, and as to matters Deponent believes it to be true.

*Robert "Showboat" Hall* (signature)
Robert "Showboat" Hall

SWORN BEFORE ME by Robert "Showboat" Hall this 29th day of January, 2004.

Notary Public _Charlie Primas_ (signature)

My Commission expires: _____

CHARLIE PRIMAS
NOTARY PUBLIC WAYNE CO, MI
COMMISSION EXPIRES Mar 31, 2006

Subscribed and sworn before me, this 29th day of January, in and for Wayne, a Notary Public State of Michigan County,

_Charlie Primas_
(Signature)
NOTARY PUBLIC
My Commission expires March 2006

-17-